Argued January 13, affirmed February 17, 1925.

## ADOLPH ASK *v*. EARL WOOD.

(233 Pac. 253.)

**Appeal and Error—Admissions in Answer Held to Preclude Contention That Failure to Prove Specific Contract Barred Any Recovery.**

1. Buyer could not contend, on appeal from judgment for price of potatoes purchased, that seller could recover nothing because he had failed to prove specific sales contract sued on, where, by his answer, buyer had admitted receipt of part of quantity purchased for which no payment had been made.

---

1. See 10 R. C. L. 699.

**Trial—Jury are Exclusive Judges of the Facts.**

2. Jury are exclusive judges of the facts.

**Damages—Amount is to be Determined by Jury.**

3. The amount of damages sustained by party injured is to be determined by jury.

**Appeal and Error—Supreme Court Bound by Jury's Verdict, When Based on Conflicting Evidence.**

4. Supreme .Court is bound by verdict of jury, when based on conflicting evidence, in view of Constitution, Article VII, Section 3c, Initiative Amendment of 1910.

**Sales—General Verdict Held not in Conflict With Special Verdict That Seller Agreed to Deliver Entire Crop of Potatoes to Buyer.**

5. In seller's action for price of potatoes, general verdict for seller for difference between agreed price of potatoes delivered and market value, as determined by jury, of potatoes not delivered under contract to deliver entire crop, *held* not to conflict, within Section 155, Or. L., with special verdict that seller agreed to deliver entire crop.

See (1) 3 **C. J.** 735.   (2) 38 **Cyc.** 1512.   (3) 17 **C. J.** 1057.   (4) 4 **C. J.** 858.   (5) 35 **Cyc.** 579.

From Marion: PERCY R. KELLY, Judge.

Department 1.

This is an appeal from a judgment rendered in favor of the plaintiff and against the defendant on the verdict of the jury. The complaint, omitting the formal parts, is as follows:

"That on and between January 24, 1917, and February 10, 1917, plaintiff sold and delivered at defendant's special instance and request, 30,248 pounds of potatoes at the agreed price of $1.65 per bushel, amounting to $586.77.

"That defendant has paid neither the whole nor any part of said sum."

The defendant answered denying each and every allegation of the complaint except as thereinafter

2.   See 16 **R. C. L.** 183.
3.   See 8 **R. C. L.** 657.
4.   See 2 **R. C. L.** 193.
5.   See 27 **R. C. L.** 879.

stated. The defendant then set out in a further and separate answer a contract between the plaintiff and defendant whereby the plaintiff agreed to sell to the defendant and the defendant agreed to purchase from the plaintiff all of the 1916 crop of potatoes owned by the plaintiff and estimated by the plaintiff at the time to be 1,500 bushels, for which the defendant agreed to pay the price of $1.65 per bushel.

That thereafter the plaintiff and defendant entered upon the performance of said contract and plaintiff delivered to the defendant 30,248 pounds of said crop, and the defendant accepted the potatoes so delivered and actually received the same in accordance with and as a part of the performance of said contract.

That thereafter, and on or about the twelfth day of February, 1917, the plaintiff wrongfully and without cause repudiated said contract of defendant, refused to make further delivery thereunder, or at all, and disposed of the remaining portion of said 1916 crop to a third person, thereby disabling himself from performing his said contract with the defendant.

That the said 1916 crop of potatoes grown and owned by the plaintiff amounted to 1,500 bushels; that the defendant immediately went into the open market and purchased potatoes to replace those contracted to be delivered by the plaintiff to the defendant as aforesaid, but which were not delivered, and defendant was compelled to pay the sum of $1.90 per bushel for the potatoes so bought in lieu of the potatoes the plaintiff refused to deliver from his 1916 crop; that $1.90 per bushel was the reasonable market value of potatoes at the time of the alleged breach of contract by the plaintiff; and that by reason of the alleged breach of contract by the plaintiff, the defendant was damaged in the sum of $732.06.

The defendant prays for judgment for the difference between the sum of $586.77, the value of the potatoes delivered by the plaintiff to the defendant under said contract, and $732.06 damages alleged to have been sustained by the defendant by reason of the alleged breach of contract by the plaintiff, to wit, $145.29.

The plaintiff replied to the further and separate answer denying all of the allegations thereof.

The Circuit Court submitted two verdicts to the jury, one a general verdict, and the other a special verdict. The jury returned a general verdict in favor of the plaintiff for the sum of $253.50. The special verdict submitted to the jury was as follows:

"Was the contract entered into between plaintiff and defendant for the sale of all of the plaintiff's 1916 crop of potatoes to the defendant? Answer. Yes."

Whereupon the court entered its judgment as follows:

"It is ordered and adjudged by the court that the complaint of the plaintiff be and the same is hereby dismissed, and that defendant do have and recover of and from the plaintiff the costs and disbursements of this action taxed and allowed at ———."

Thereafter, and on the same day, the court entered the following judgment:

"It is ordered and adjudged by the court that the above judgment entered in favor of the defendant be and the same is hereby set aside and held for naught.

"It is further ordered and adjudged by the court that the plaintiff do have and recover of and from the defendant the sum of Two Hundred Fifty Three and 50/100 ($253.50) Dollars, with interest thereon at the rate of 6% per annum from this date until

paid, together with the costs and disbursements of this action taxed and allowed at $67.10.''

From this judgment the defendant appeals, assigning as errors the action of the court in setting aside the judgment in favor of the defendant, rendering the judgment in favor of the plaintiff, and in not rendering a judgment in favor of defendant for the sum of $145.29.

A bill of exceptions contains the following:

"Plaintiff, to sustain the position assumed by him in his complaint testified that the contract had between plaintiff and defendant called for the sale by plaintiff to defendant of two hundred fifty sacks (of) potatoes. That he produced, during the year and season of 1916 between fourteen hundred and fifteen hundred bushels (of) potatoes. That on or about the 15th day of February, 1917, plaintiff sold and delivered eight hundred bushels of said potatoes to a person other than the defendant.

"The foregoing is all the testimony adduced at said trial pertaining to the amount of potatoes raised by the plaintiff in the year and season of 1916, and the time that a portion of said crop was sold and delivered to such third person.

"Defendant, to sustain the position by him assumed in his answer, called as a witness, Mr. L. F. Miller, who testified in substance that the reasonable market value of potatoes was, on February 12, 1917, between $1.80 and $1.90 per bushel. That he was unable to buy potatoes at said time at $1.80 per bushel, but did purchase some for defendant as a substitute for those withheld by the plaintiff at the price of $1.90 per bushel. Defendant, called as a witness in his own behalf, testified that the reasonable market value for potatoes was on February 12, 1917, $1.90 per bushel.

"Plaintiff in order to meet the issue made by the defendant with respect to the market price of potatoes, produced as a witness, Fred E. Mangis, who testified in substance that potatoes of the kind and

quality specified as aforesaid, between the 10th day of February, 1917, and the 15th day of February, 1917, were of the reasonable market value of $2.50 to $2.75 per hundred weight, or $1.50 to $1.65 per bushel. That the market price was rising between February 10th and February 15th, 1917.

"That the testimony of the foregoing witnesses is all of the testimony produced at the trial of this cause involving the market price of potatoes."

The contention of the defendant is that the general verdict and special verdict were inconsistent and that the latter must control; that the defendant is entitled to recover from the plaintiff as damages, for the alleged breach of the contract with the defendant, the highest market price obtaining between the date for delivery and the time of the actual sale of the property. We do not have the benefit of a brief of the plaintiff.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Custer E. Ross* and *Messrs. McNary & McNary,* with an oral argument by *Mr. Ross.*

For respondent there was a brief over the names of *Mr. John H. Carson* and *Mr. L. H. McMahan,* with an oral argument by *Mr. Carson.*

COSHOW, J.—A special finding controls the general verdict of the jury when the two are conflicting: Section 155, Or. L., and annotations thereunder.

1. The contention of defendant is to the effect that plaintiff is not entitled to any judgment because he has sued upon a contract for a specific sum, and failing to prove that contract, he cannot recover in this action. The jury found that the plaintiff agreed to sell to the defendant all of his 1916 crop of potatoes. The bill of exceptions discloses that the 1916 crop of

potatoes raised and owned by the plaintiff amounted to between 1,400 and 1,500 bushels. He delivered to the defendant only 504 bushels. The defendant now contends that the plaintiff having alleged a specific contract to sell to the defendant 504 bushels, and the jury having found that he agreed to sell and deliver about 1,500 bushels, the plaintiff is not entitled to recover for the 504 bushels actually delivered. But defendant's answer refutes the position now taken by him on this appeal, for he alleges damages to the extent of $732.06 as a result of the alleged breach of contract by the plaintiff, and then avers:

"That the defendant should be permitted to offset against the aforesaid damages * * the value of the potatoes so delivered under said contract at the contract price" and demands judgment for $145.29.

The latter amount is the difference between the damages defendant claims to have sustained by reason of the alleged breach of contract and the value of the potatoes actually delivered by the plaintiff by virtue of that contract. The defendant is bound by his pleading. His answer admits the receipt of 504 bushels of potatoes, under the contract, for which he has not paid. He cannot now be heard to say that he should not compensate the plaintiff for the value of the potatoes actually received by him under the contract:

2. The only conflict in the testimony, as disclosed by the bill of exceptions, is the market value of potatoes at Silverton at the time the plaintiff breached the contract. The excerpts from the bill of exceptions set out disclose that the witnesses varied in their testimony from $1.50 to $1.90 per bushel. There was, therefore, a dispute between the plaintiff and the defendant upon that point. That point in-

volves a question of fact. The jury are the exclusive judges of the facts. The jury could fix the market value of the potatoes at the time of the breach of the contract at any price from $1.50 to $1.90 per bushel. The jury found by a general verdict and a special finding that the defendant was damaged in the sum of $333.27 by the nondelivery of the entire crop of potatoes. Their general verdict is for $253.50 instead of $586.77 demanded in the complaint. The verdict in favor of the defendant is the difference between the amount of damages assessed against the plaintiff and the amount demanded by the plaintiff. The bill of exceptions recites that the plaintiff sold 800 bushels of potatoes to a person other than the defendant. The sum of $333.27 represents the difference between the agreed price for the potatoes and the market value thereof as determined by the jury.

3-5. If the total crop of potatoes owned by the plaintiff was 1,400 bushels, he withheld from the defendant 896 bushels. Based upon that amount, the jury found the market price for the potatoes, at the time of the breach of the contract by the plaintiff, to be $1.527 per bushel. However, if the amount of the crop of potatoes which the plaintiff failed to deliver was only 800 bushels as the bill of exceptions indicates, the jury found the market price of the potatoes to have been $1.58 per bushel. Based upon either computation, the verdict is supported by the testimony. The amount of damages is to be determined by the jury. This court is bound by the verdict of the jury when based upon conflicting evidence: State Constitution, Article VII, Section 3c, Initiative Amendment of 1910; *Sather* v. *Giaconi*, 110 Or. 433, 440, 441 (220 Pac. 740). There is, there-

fore, no necessary conflict between the general verdict and the special finding.

These considerations require the judgment appealed from to be affirmed and it is so ordered.

AFFIRMED.

MᶜBRIDE, C. J., and BURNETT and RAND, JJ., concur.